IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLANET HOME LENDING, LLC, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:25-cv-2550-E-BN |
| VILMA RIVERA and UNITED STATES OF AMERICA, on behalf of the Secretary of Housing and Urban Development, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY REGARDING SUBJECT MATTER JURISDICTION**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. *See* Dkt. No. 3.

Plaintiff Planet Home Lending, LLC ("Planet Home") filed a complaint alleging a breach of contract claim against Defendant Vilma Rivera and Defendant United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD") (collectively, "Defendants"), arising out of a mortgage obligation default. *See* Dkt. No. 1.

Planet Home asserts that HUD claims an interest in the property on which Planet Home seeks to foreclose. *Id.* at 3. And, so, Planet Home pleads subject matter jurisdiction under 28 U.S.C. § 2410. *See* Dkt. No. 1 at 1.

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

"Most directly, and most often, federal jurisdiction attaches when federal law

creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). And, so, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

But Planet Home has not established that its claims against Defendants are based on a federal cause of action.

In its Original Complaint, Planet Home "predicates this Court's jurisdiction on the claims it makes herein against an agency and/or officer of the United States of America under 28 U.S.C. § 2410." Dkt. No. 1 at 1 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005)).

But "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). "As a trade off for the waiver of sovereign immunity, [28 U.S.C. § 1444] permits the government to remove to federal district court any such case initiated in state court." *Id.* at 629.

So, "once [Section 2410] is deemed applicable in a state court action … it makes available to the government § 1444, which [the court has] held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations." *Id.* at 635. In other words, there is a "conditional relationship" between Sections 2410 and 1444. *Id.* at 629; *see* 28 U.S.C. § 2410(a) (applying "[u]nder the conditions prescribed in this section and section 1444 of this title"); *see also Lewis v.*

*Hunt,* 492 F.3d 565, 571 (5th Cir. 2007) ("[I]n interpreting and applying Section 2410 we must be mindful of its purpose and history as a lien removal statute.").

And *Grable* – on which Planet Home's subject matter jurisdiction allegation relies – was filed in state court and removed to federal court. *See* 545 U.S. at 310. The United States Supreme Court held that the defendant could remove the quiet title action pursuant to 28 U.S.C. §1441(a) "if [the plaintiff] could have brought it in federal district court originally" under 28 U.S.C. § 1331. *Id.* at 312. But the Supreme Court did not address whether Section 2410 creates a federal cause of action for cases filed in federal court.

And, even where a Supreme Court case appears to overturn prior Fifth Circuit precedent, district judges are "bound by the rule" in a published United States Court of Appeals for the Fifth Circuit case unless a later Fifth Circuit panel decides that the Supreme Court's ruling overturns the panel's prior decision. *In re Bonvillian Marine Serv., Inc.,* 19 F.4th 787, 789-90 (5th Cir. 2021). The Fifth Circuit has not published an opinion stating that *Grable* overturns *Hussain*.

And so, under controlling Fifth Circuit precedent, 28 U.S.C. § 2410 does not create a federal cause of action or basis for subject matter jurisdiction in this case.

Also, a district court generally has jurisdiction under 28 U.S.C. § 1331 only if a "federal question appears on the face of the plaintiff's well-pleaded complaint." *MSOF Corp. v. Exxon Corp.,* 295 F.3d. 485, 490 (5th Cir. 2002).

Here, Planet Home's complaint seeks relief for breach of contract, which is a state-law cause of action. *See Box v. PetroTel, Inc.,* 33 F.4th 195, 201 (5th Cir. 2022);

*Premiere Network Servs., Inc. v. SBS Commc'ns, Inc.*, 440 F.3d 683, 690–91 (5th Cir. 2006).

On rare occasions, Section 1331 "also covers a suit containing state-law claims alone, because one or more of them necessarily raises a substantial and actually disputed federal question." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (cleaned up); see also *Grable*, 545 U.S. at 314. But that is not the case here.

And, so, the Court is not persuaded that federal question jurisdiction exists under 28 U.S.C. § 1331.

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332); *see also Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742 (5th Cir. 2020).

The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Planet Home does not allege that the Court has diversity jurisdiction under 28

U.S.C. § 1332. *See* Dkt. No. 1.

But, even if Planet Home did, "neither the United States nor its agencies fit any of the categories of parties listed in 28 U.S.C. § 1332(a)." *Com. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993).

The United States, then, is "not a citizen for diversity purposes," and "'U.S. agencies cannot be sued in diversity.'" *Id.* (quoting *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir.1991)); see *also Molton, Allen & Williams, Inc. v. Harris*, 436 F. Supp. 853 (D.D.C. 1977) ("The historic rule is that agencies and instrumentalities of the Federal Government are citizens of no state for diversity purposes and that, therefore, because all parties on each side of a controversy must be citizens of different states for diversity jurisdiction to lie, diversity jurisdiction never lies in an action against the Federal Government or its officials in their official capacities.").

And, so, Planet Home cannot rely on diversity jurisdiction if the United States and/or its agency (in this case, HUD) is a named party. *Accord Blackburn v. Lubbock FBI*, No. 5:23-cv-161-H-BQ, 2023 WL 6139457, at *3 (N.D. Tex. Aug. 23, 2023); *Hotep v. United States*, No. 3:07-cv-65-K, 2007 WL 1321845, at *2 (N.D. Tex. May 7, 2007); *see also Weeks Construction, Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668, 676 n.10 (8th Cir. 1986) (instrumentalities of the United States like HUD are citizens of no state for diversity purposes); *Koppers Co. v. Garling & Langlois*, 594 F.2d 1094 (6th Cir.1979) (same).

Planet Home has failed to allege that diversity jurisdiction exists under 28

U.S.C. § 1332.

And, so, by **October 6, 2025**, Planet Home, as the party invoking the Court's jurisdiction, must file a written response to this order explaining how this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and/or 28 U.S.C. § 1332.

Failure to do so will result in a recommendation of dismissal under Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

DATED: September 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE